IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

DAVID SHAWN MINZE,                §
                    Petitioner,        §
                                       §
v.                                     §    Civil Action No. 4:22-cv-484-P
                                       §
BOBBY LUMPKIN, Director,          §
Texas Department of Criminal Justice,§
Correctional Institutions Division,   §
                    Respondent.         §

## RESPONDENT'S ANSWER WITH BRIEF IN SUPPORT

In this habeas corpus case brought under the Antiterrorism and Effective Death Penalty Act (AEDPA), 28 U.S.C. §§ 2241, 2254, Texas state prisoner David Shawn Minze challenges his enhanced conviction for family violence assault and corresponding seventy-year-sentence. The petition should be dismissed with prejudice as partially procedurally defaulted and without merit.

## JURISDICTION

Minze seeks habeas corpus relief in this Court pursuant to 28 U.S.C. § 2254, providing the Court with jurisdiction over the subject matter and the parties as Minze was convicted in Parker County, Texas. 28 U.S.C. § 124(a)(2).

## PETITIONER'S ALLEGATIONS

Respondent Bobby Lumpkin (the Director) understands Minze to allege the following:

(1)     His Sixth and Fourteenth Amendment rights to a fair and impartial jury were violated when a juror with actual bias or prejudice was empaneled to the jury; and

(2)     His trial attorney was ineffective for failing to challenge the juror for cause due to actual bias or prejudice.

ECF No. 1 at 6; ECF No. 2 at 1–12.

## GENERAL DENIAL

The Director denies all of Minze's assertions of fact except those supported by the record or specifically admitted herein.

## STATEMENT OF THE CASE

## I.   Procedural History

The Director has lawful custody of Minze pursuant to a judgment and sentence from the 43rd District Court of Parker County, Texas, in Cause Number CR19-0264. SHCR at 8–9.[1] Minze was charged by indictment with family violence assault, enhanced with a prior conviction for family violence (Cause No. 1415787); the indictment alleged further enhancements for Minze's prior convictions of forgery (Cause No. CR12-0132) and burglary of a habitation (Cause No. 14,776). *Id.* at 6–7. Minze pleaded not guilty to the charge, but true

---

[1] "SHCR" refers to the Clerk's Record for Minze's state habeas proceeding, *Ex parte Minze*, No. WR-93,404, followed by the relevant page number(s). "RR" refers to the Reporter's Record, or transcript of the trial proceeding, preceded by the volume number, and followed by the relevant page number(s).

to the enhancements, then a jury found him guilty as charged in the indictment and sentenced him to seventy-years of imprisonment. *Id.* at 8–9.

Minze appealed, claiming the trial court erred by admitting extraneous offenses into evidence, but on May 20, 2021, the Second Court of Appeals of Texas affirmed Minze's conviction. *Minze v. State*, No. 02-19-00303-CR, 2021 WL 2006474 (Tex. App.—Ft. Worth, May 20, 2021, no pet.). Minze did not file a petition for discretionary review with the Texas Court of Criminal Appeals (TCCA). *Id.*

On November 8, 2021, Minze signed his state habeas application challenging his conviction, which the Parker County Clerk filed on November 15, 2021. SHCR at 10, 25. On February 2, 2022, the TCCA denied the state habeas application without written order on the findings of the trial court and upon an independent review of the record. SHCR at action taken sheet, 278–87 (Memorandum, Findings of Fact, and Conclusions of Law). Minze filed this federal petition on May 30, 2022. ECF No. 1 at 10; *Cousin v. Lensing*, 310 F.3d 843, 847 (5th Cir. 2002) (pro se prisoner's habeas petition deemed filed when delivered to prison authorities for mailing); *Spotville v. Cain*, 149 F.3d 374, 375 (5th Cir. 1998).

## II.    Statement of Facts

The Director adopts the following facts from the appellate opinion of the

Second Court of Appeals:

> In 2015, Minze and Wendy Young met and began a romantic relationship. However, at some point their relationship soured and by 2018, Wendy was attempting to keep Minze away from their home and children because as she explained, "He couldn't be around me and my kids if he wasn't going to stay sober."
>
> According to Wendy, on December 23, 2018, Minze entered their home and told her that he hated her for not allowing him to spend time with his children. He then beat Wendy with his belt on her arms, torso, and legs and used a shirt to strangle her until she passed out. Just before Wendy blacked out, Minze told her "[b]ye-bye."
>
> At some point, Minze shook Wendy awake and told her "I'm going to put this on you before we leave." Wendy saw Minze heat up his belt buckle with a cigarette lighter. Minze then branded Wendy's buttock with the heated belt buckle. Wendy described the pain from the branding as "excruciating," and testified that during this ordeal, she feared that Minze was going to kill her.
>
> Minze also destroyed Wendy's bras, underwear, and some of her shirts by cutting them up with scissors. Finally, he broke Wendy's cell phone.
>
> Wendy testified that this incident was not the first time that Minze had physically assaulted her, and she explained that the reason she did not immediately call police and report the assault on this occasion was because when she had done so in the past, the police had not helped her. One such assault in the past occurred in 2015, when Minze gave Wendy a bloody nose by punching her in the face because he thought that she was looking at another man. While Minze was convicted for the 2015 assault, Wendy provided other examples where the police had failed to help her after she reported

assaults by Minze. For instance, in 2017, Minze smothered Wendy with a pillow at least five times, and although Wendy reported this incident to police, Minze was never prosecuted. And in 2018, Minze filled the bathtub in Wendy's home with water and threatened to hold her head under the water unless she gave him her car. Wendy also reported this incident to police, but they told her that they could not do anything to help her.

Wendy reached out to the police again in 2018 after Minze sent her a video of himself camping in the trees across from her home. In the video, Minze zoomed in on her front door and her car. Wendy could hear Minze's breathing in the video. The police made a report of the incident but again took no other action.

During trial, the State called a police officer to testify that Minze's fingerprints matched those on the 2015 conviction for assault involving family violence. After the officer testified that the fingerprints on the 2015 judgment came from Minze, the State offered the 2015 conviction into evidence. Minze objected that the admission of the prior conviction violated Texas Rules of Evidence 401 and 403 and that it also violated his due process rights. The trial court overruled Minze's objections and admitted the exhibit containing the 2015 judgment.

On direct examination, the State also attempted to elicit testimony from Wendy regarding Minze's 2015 assault. Again, Minze argued that Wendy's testimony about the prior offense was "irrelevant under 401, under 403, and a violation of due process." The trial court overruled Minze's objections. But when Wendy testified further about the 2015 beating she sustained from Minze, Minze lodged no further objections.

The jury subsequently found Minze guilty of the 2018 assault of Wendy, including the allegation that Minze had been previously convicted of assault involving family violence in 2015. After Minze pleaded true to the two punishment enhancement convictions, the jury assessed his sentence at 70 years' confinement.

See Minze, 2021 WL 2006474, at *1–2.

## STATE COURT RECORDS

The Director is electronically filing copies of the records for Minze's trial, direct appeal, and state habeas proceeding to this Court, along with this answer.

## EXHAUSTION/LIMITATIONS/SUCCESSIVE PETITION

The Director does not believe that Minze's petition is untimely under 28 U.S.C. § 2244(d), is subject to the successive petition bar under 28 U.S.C. § 2244(b), or is unexhausted under 28 U.S.C. §2254(b)(1). However, the Director reserves all defenses, should Minze or this Court disagree with the Director's construction of the claims or should Minze add new claims.

## ANSWER

## I.    AEDPA's Standard of Review

Minze's claims in this federal proceeding were presented to the TCCA, which denied the claims without written order on the findings of the trial court and upon an independent review of the record. SHCR at action taken sheet, 15– 17, 278–87. The TCCA's denial of habeas relief is afforded deference under AEDPA.

Section 2254(d) defines habeas corpus as a guard against extreme malfunctions in state criminal justice systems, not as a substitute for ordinary error correction through appeal. For claims adjudicated in state court, §

6

2254(d) imposes a highly deferential standard that demands a federal court grant habeas relief only where one of two conditions are present in the state court judgment. A federal court may grant relief if the state court adjudicated a constitutional claim contrary to, or unreasonably applied clearly established federal law as determined by the Supreme Court. *Harrington v. Richter*, 562 U.S. 86, 100–01 (2011) (citing *(Terry) Williams v. Taylor*, 529 U.S. 362, 412 (2002)). Or the court may grant relief if the state court based its decision on an unreasonable determination of facts in light of the record. Id.'s standard is necessarily difficult to meet because it was so designed.

A state court decision can be "contrary" to established federal law in two ways: (1) If the state court applies a rule that contradicts Supreme Court precedent; or (2) If the state court confronts facts "materially indistinguishable" from relevant Supreme Court precedent, but reaches an opposite result. *(Terry) Williams*, 529 U.S. at 405–06. A state court decision applying correct Supreme Court law to the facts of a particular case must be reviewed under the "unreasonable application" clause. *(Terry) Williams*, 529 U.S. at 406. A state court unreasonably applies Supreme Court precedent only if it correctly identifies the governing precedent but unreasonably applies it to the facts of a particular case. *Id.* at 407–09. The Court should focus not on the state court's method of reasoning, but rather on its ultimate legal conclusion.

7

*Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002)) ("It seems clear to us that a federal habeas court is authorized by Section 2254(d) to review only a state court's 'decision,' and not the written opinion explaining that decision.").

To decide if the state court made an unreasonable application, this Court "must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of this Court." *Richter*, 562 U.S. at 87. Thus, "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree'" on the correctness of the state court's decision. *Id.* (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Plus, a review of a state court's merits adjudication for reasonableness must be limited to the record that was before the state court. § 2254(d)(2); *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011).

Finally, an evidentiary hearing is precluded unless: (1) a petitioner's claims rely on a new rule of constitutional law or a factual predicate previously undiscoverable through the exercise of due diligence; and (2) the petitioner establishes by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found him guilty. 28 U.S.C. § 2254(e)(2). A failure to meet this standard of "diligence" will bar a federal evidentiary

hearing in the absence of a convincing claim of actual innocence that can only be established by newly discovered evidence. (*Michael) Williams v. Taylor*, 529 U.S. 420, 436 (2000). For example, a petitioner's failure to present controverted, previously unresolved factual issues to the state court can qualify as a "failure" under the plain meaning of § 2254(e)(2). *Id.* at 433. However, Section 2254(e)(2) has "force [only] where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 563 U.S. at 185.

Accordingly, even if a petitioner can leap the § 2254(e)(2) hurdle, "evidence introduced in federal court has no bearing on § 2254(d)(1) review." *Id.* at 1400. And whatever discretion remains after *Pinholster* to hold an evidentiary hearing, it is still appropriate to deny such a hearing if sufficient facts exist to make an informed decision on the merits. *Schriro v. Landrigan*, 550 U.S. 465, 474–75 (2007). As the Supreme Court recently found, "even if all of these requirements are satisfied, a federal habeas court still is not required to hold a hearing or take any evidence. . . . the decision to permit new evidence *must* be informed by principles of comity and finality that govern every federal habeas case." *Shinn v. Martinez Ramirez*, 142 S. Ct. 1718, 1734 (2022) (emphasis added). Furthermore, this Court, when considering any request for discovery, must "determine at the outset whether the new evidence sought could be lawfully considered," particularly under § 2254(d)(1). *Shoop v.*

*Twyford*, 142 S. Ct. 2037, 2044 (2022). Minze has not met these standards for a hearing or discovery, and any such request should be denied.

## II.    Minze Fails to Overcome the State Court's Independent Procedural Bar. Alternatively, He Has Not Met Her Burden under AEDPA.

Minze asserts that his right to a fair and impartial jury was violated when a member of his jury was not struck for actual bias or prejudice. ECF No. 1 at 6. However, Minze has not overcome the TCCA's independent state procedural bar, and alternatively, Minze has not demonstrated that the denial of this claim was unreasonable or an incorrect application of clearly established Supreme Court law under AEDPA.

### A.    Minze has not overcome the independent and adequate state procedural bar against this claim.

Minze raised this claim before the TCCA. SHCR at 15. The state habeas court applied an independent state procedural bar, finding that Minze had not properly preserved error by failing to make a contemporaneous objection to the alleged error and that he failed to raise the error on direct appeal. SHCR at action taken sheet, 94–95 (State's answer), 281 (Finding Nos. 8 and 14), 285 (Conclusion No. 1). This was an independent and adequate state procedural bar that prevents Minze from receiving federal habeas relief for this claim.

Relying on TCCA case law, the State asserted that Minze's claim regarding the trial court's alleged failure to remove a partial juror was

procedurally barred because: (1) he failed to make a contemporaneous objection (*Ex parte Crispen*, 777 S.W.3d 103, 105 (Tex. Crim. App. 1989)); and (2) he failed to raise the issue on direct appeal (*Ex parte Gardner*, 959 S.W..2d 189, 199 (Tex. Crim. App. 1996)). SHCR at 94–95. The state habeas court agreed, finding that no objection or challenge for cause was made, and that because Minze failed to raise the issue to the trial court and the appellate court on direct appeal, the claim was barred from habeas review. SHCR at 281 (Finding Nos. 8 and 14), 285 (Conclusion No. 1). The TCCA adopted these findings when it denied relief. SHCR at action taken sheet.

Even if the TCCA had not adopted the findings, the bar would still apply to Minze's claim. Because the state habeas court issued "the last reasoned opinion" on the matter, its findings that expressly and unambiguously applied the procedural bar are sufficient to bar federal habeas review. *See Ylst v. Nunnemaker*, 501 U.S. 797, 801, 803 (1991); *Leachman v. Stephens*, 581 F. App'x 390, 395–396 (5th Cir. 2014) (applying *Ylst*'s "look through" doctrine to find default where point of error was defaulted under Texas' contemporaneous objection rule and also defaulted under Texas' raised and rejected rule).[2] Minze failed to timely object to, or strike for cause, the partial juror, and failed to

---

[2] Unpublished opinions are persuasive authority. *See Ballard v. Burton*, 444 F.3d 391, 401 & n.7 (5th Cir. 2006) (citing 5th Cir. R. 47.5.4)).

raise this issue on direct appeal. *See Goodwin v. Collins*, 910 F.2d 185 (5th Cir. 1990) (intermediate court of appeals is last state court rendering judgment where the CCA then denies discretionary review); *Styron v. Johnson*, 262 F.3d 438, 453–54 (5th Cir. 2001) (Texas contemporaneous objection rule is sufficient procedural default to bar federal habeas review); *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir. 2000) ("a federal court does not have license to question a state court's finding of procedural default, if based upon an adequate and independent state ground").

A federal court may not grant a petition for a writ of habeas corpus where the state court expressly denied the claim based on an independent and adequate state procedural rule. *Coleman v. Thompson*, 501 U.S. 722, 730 (1991). To be adequate, a state rule must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423–24 (1991). The Fifth Circuit has found that Texas' contemporaneous-objection rule is an "adequate and independent state ground that procedurally bars" federal habeas relief. *See Fisher v. Texas*, 169 F.3d 295, 301 (5th Cir. 1999) (citing *Sharp v. Johnson*, 107 F.3d 282, 285–86 (5th Cir. 1997); *Nichols v. Scott*, 69 F.3d 1255, 1280 n.48 (5th Cir. 1995)). The objection rule is generally required because "appellate courts will not consider any error which counsel for the accused could have called, but did not call, to the attention of the trial court at the time when such error could

12

have been avoided or corrected by the trial court." *Gibson v. State*, 726 S.W.2d 129 (Tex. Crim. App. 1987). Minze did not timely raise this issue before the trial court and the appellate court, and the state habeas proceeding was not the proper avenue for making the challenge. SHCR at action taken sheet, 285. Thus, Minze's claim alleging the allegedly partial juror violated his right to a fair and impartial jury is procedurally defaulted. *Id.*

Moreover, where a state court has explicitly relied on a procedural bar, a state prisoner may not obtain federal habeas corpus relief absent a showing of cause for the default and actual prejudice that is attributable to the default, or that the federal court's failure to consider the claim will result in a miscarriage of justice. *Coleman*, 501 U.S. at 750; *Amos v. Scott*, 61 F.3d 333, 338 (5th Cir. 1995). A miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted. *Sawyer v. Whitley*, 505 U.S. 333, 339–40 (1992); *Finley v. Johnson*, 243 F.3d 215, 220 (5th Cir. 2001). Thus, because the denial of Minze's claim was based upon an adequate and independent state procedural rule, his claim is procedurally barred in a federal proceeding unless he can demonstrate cause his actual innocence. *Coleman*, 501 U.S. at 750; *Sawyer*, 505 U.S. at 339–40.

But Minze has failed to show cause and prejudice or that he is actually innocent of the crime for which he was convicted. To establish the requisite

13

probability that he was actually innocent, Minze must support his allegations with new, reliable evidence that was not presented at trial and show that it was 'more likely than not that no reasonable juror would have convicted him in the light of the new evidence.'" *Id.* at 221 (citations omitted). Minze fails to make any such showing. ECF No. 1; ECF No. 2.

Plus, the record indicates that there was ample evidence of Minze's guilt of family violence assault, and his prior family violence assault. *Minze*, 2021 WL 2006474, at *1–2. Furthermore, any argument that the state habeas court's alternative findings on the merits amounted to a waiver of the independent-state-procedural-bar fails, as well. *Amos*, 61 F.3d at 341 ("We decline today to impose on the TCCA the need to pronounce some shibboleth or incant some magic words guaranteeing safe passage from a holding based on a state procedural bar to an alternative holding on the merits without infecting the opinion with "excuse" and thus dooming it to inadequacy."). Specifically, if the state court explicitly invokes a procedural bar and alternatively reaches the merits of a defendant's claims, a federal court is still bound by the state procedural default. *Id.* at 338; *Harris v. Reed*, 489 U.S. 255, 264, n.10 (1989). In short, the state court's alternative merits did not negate the procedural bar. And because Minze has failed to show cause or prejudice

14

for the default or an actual miscarriage of justice, his claim is procedurally defaulted.

> **B.** **Alternatively, Minze Fails to Demonstrate the TCCA's Decision Was Unreasonable or Based on the Incorrect Application of Clearly Established Supreme Court Law.**

As an alternative to being procedurally barred, Minze's claim that the trial court should not have impaneled a biased or prejudiced juror is also without merit.

First and most importantly, Minze has completely failed in meeting the burden of proof necessary to overcome the relitigation bar and be granted relief under AEDPA. The TCCA refused Minze relief on this allegation. SHCR at action taken sheet, 281 (Finding Nos. 9 (the jury had not yet heard the law regarding whether Minze's prior convictions could or could not be considered during guilt/innocence), 10 ("the juror did not state she would be unable to follow the law or the court's instructions,"), and 11 (the juror "displayed no bias or prejudice against" Minze). To overcome AEDPA's relitigation bar, Minze must show that this decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). Minze has merely summarized the same allegations from his state application for writ of habeas corpus in the instant petition and disagreed with the TCCA's denial, without

demonstrating an unreasonable application of federal law as determined by the Supreme Court. ECF No. 1 at 6; ECF NO. 2 at 1–12. This is a mandatory predicate that cannot be ignored and must be satisfied in order to warrant relief. He has also failed to present clear and convincing evidence to rebut the presumption of correctness afforded the state court findings. This presumption is especially strong because the Honorable Craig Towson presided over both the trial and state habeas proceeding. SHCR at 2, 8–9, 278–87; *Miller-El v. Johnson*, 261 F.3d 445, 449, 454 (5th Cir. 2001) (citing *Clark v. Johnson*, 202 F.3d 760, 764, 766 (5th Cir. 2000)) (presumption of correctness especially strong where the trial judge and the state habeas judge are the same). As such, because Minze has failed to meet his heavier burden of proof and overcome the relitigation bar, this court must deny relief.

In any event, although Minze has failed to meet his burden of proof under AEDPA, his allegations do not entitle him to relief. The Sixth Amendment, made applicable to the states through the Due Process Clause of the Fourteenth Amendment, guarantees that an accused shall enjoy the right to a trial by an impartial jury. *Parker v. Gladden*, 385 U.S. 363, 364 (1966). Further, a federal court must initially presume that a jury was impartial. *U.S. v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995); *De La Rosa v. Texas*, 743 F.2d

16

299, 306 (5th Cir. 1984). The court will *not* readily presume that a juror is biased. *Willie v. Maggio*, 737 F.2d 1372, 1379 (5th Cir. 1984).

It is also presumed that juries follow the instructions given to them by the court. *United States v. Olano*, 507 U.S. 725, 739 (1993) (citing *Richardson v. Marsh*, 481 U.S. 200, 206 (1987); *Francis v. Franklin*, 471 U.S. 307, 324 n. 9 (1985)); *Soria v. Johnson*, 207 F.3d 232, 242 (5th Cir. 2000). "[We] presum[e] that jurors, conscious of the gravity of their task, attend closely the particular language of the trial court's instructions in a criminal case and strive to understand, make sense of, and follow the instructions given them." *Olano*, 507 U.S. at 739 (citing *Francis*, 471 U.S. at 324, n. 9)). Minze has not overcome these presumptions in his case, specifically that: (1) his jury was impartial; (2) the complained-of juror was prejudiced against him and subject to a challenge for cause; and (3) the jury followed the law and instructions given to them. The state habeas court specifically found that Minze's prior conviction were properly admitted as an element of the offense, which the jury could consider (SHCR at 281–82 (Finding Nos. 9, 11, 12, 13, 15, and 17)) and that there was no evidence the juror did not follow the law and instructions given by the trial court (SHCR at 181 (Finding No. 10)).

Because he has not met his burden to overcome these presumptions, overcome the presumption of correctness given to the state court's findings, or

shown that the state court's denial was unreasonable, his claims fail. *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Olano*, 507 U.S. at 739; *Willie*, 737 F.2d at 1379; *Ruggiero*, 56 F.3d at 652. Minze's claim is, therefore, without merit in addition to being procedurally defaulted.

## III. Minze Has Failed to Demonstrate that the State Court's Denial of His *Strickland* Claims Was Unreasonable.

The Director understands Minze to assert that his trial counsel, Harmony Schuerman, was ineffective for failing to challenge for cause a juror who was allegedly prejudiced against Minze. ECF No. 1 at 6; ECF No. 2 at 3–7. As the record shows, the state habeas court found that Schuerman was not ineffective because the juror was not subject to be struck for cause and Minze had not shown that the juror was actually partial. SHCR at 270–71, 274–75. The TCCA relied upon these findings when it denied relief. *Id.* at action taken sheet. Because Minze fails to meet his burden of proof under the doubly deferential standard for the performance of his trial counsel, his claim is without merit and should be denied.

A defendant has the burden of establishing that he was deprived of effective assistance of counsel by a preponderance of the evidence. *Clark v. Johnson*, 227 F.3d 273, 284 (5th Cir. 2000). In *Strickland v. Washington*, the Supreme Court enunciated the familiar two-prong test for reviewing

ineffective-assistance-of-counsel claims. *Strickland*, 466 U.S. at 687. Under the first prong of *Strickland*, a defendant must show by a preponderance of the evidence that his trial counsel's performance was deficient. *Id.* In other words, Minze must establish that his counsel's representation fell below an objective standard of reasonableness. *Clark*, 227 F.3d at 282. This showing requires him to prove that his counsel made "errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687.

A reviewing court "must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002) (citing *Strickland*, 466 U.S. at 689). Additionally, courts "must strongly presume that trial counsel rendered adequate assistance and that the challenged conduct was the product of a reasoned trial strategy." *Wilkerson v. Collins*, 950 F.2d 1054, 1065 (5th Cir. 1992). Accordingly, courts "must be highly deferential" to counsel's performance. *Id.*; *see also Strickland*, 466 U.S. at 689. Courts should make every effort to eliminate the "distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

Under the second prong of the *Strickland* test, a defendant must show that his counsel's deficient performance prejudiced him. *Galvan*, 293 F.3d at

764. Thus, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. "Even a deficient performance does not result in prejudice unless that conduct so undermined the proper functioning of the adversary process that the trial cannot be relied upon as having produced a just result." *Knox v. Johnson*, 224 F.3d 470, 479 (5th Cir. 2000) (quoting *Strickland*, 466 U.S. at 687). A mere allegation of prejudice is not sufficient to satisfy the prejudice prong of *Strickland*. *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Because a defendant must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697.

Finally, this Court must presume the CCA applied *Strickland* when it denied habeas relief. *Singleton v. Johnson*, 178 F.3d 381, 384 (5th Cir. 1999); *Schaetzle v. Cockrell*, 343 F.3d 440, 443 (5th Cir. 2003). Furthermore, the factual determinations underlying the adjudication are entitled to a presumption of correctness which must be rebutted by a presentation of clear and convincing evidence. 28 U.S.C. § 2254(e); *Neal v. Puckett*, 239 F.3d 683, 696 (5th Cir. 2001) ("[t]he only question for a federal habeas court is whether the state court's determination is 'at least minimally consistent with the facts

20

and circumstances of the case'"). Therefore, by denying these claims on the findings of the state habeas court, the TCCA made both explicit and implicit, credibility determinations in favor of trial counsel's decisions and trial strategies. SHCR at action taken sheet, 270–75 (state habeas court's findings and conclusions). Both explicit and implicit credibility choices made by a state court are afforded a presumption of correctness under 28 U.S.C. § 2254(d). *Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992) (citing *Lavernia v. Lynaugh*, 845 F.2d 493, 500 (5th Cir. 1988)). And again, this presumption is especially strong where the trial judge and the state habeas judge are the same, as they are in this case (Honorable Craig Towson presided over both the trial and state habeas proceedings). *Miller-El*, 261 F.3d at 449, 454; SHCR at 2, 8–9, 278–87.

### A.    The deficiency prong

Here, Minze fails to demonstrate his trial attorney was deficient in not challenging the juror for cause. The initial question when determining if counsel was ineffective for failing to strike a biased juror is whether a particular juror was actually biased. *See Virgil v. Dretke*, 446 F.3d 598, 608–10 (5th Cir. 2006); *Seigfried v. Greer*, 372 F. App'x 536, 539 (5th Cir. 2010) ("In conducting the deficient performance analysis in the context of counsel's failure to strike an allegedly partial juror, a court first evaluates whether the juror at issue was actually biased."). The Supreme Court defines an impartial

21

juror as an "indifferent juror," meaning, "a juror [that] can lay aside his impression or opinion and render a verdict based on the evidence presented in court." *Irvin v. Dowd*, 366 U.S. 717, 722–23 (1961). Moreover, as explained above, a federal habeas corpus court must initially presume that a jury was impartial. *See Smith v. Phillips*, 455 U.S. 209, 218 (1982); *De La Rosa*, 743 F.2d at 306. Thus, the entire jury in Minze's case, including the complained-of juror, is presumed to be impartial, unless Minze demonstrates otherwise.

To demonstrate actual bias, Minze must point to an "admission" or present "factual proof" of bias on the juror's part. *United States v. Thomas*, 627 F.3d 146, 161 (5th Cir. 2010) (citing *United States v. Bishop*, 264 F.3d 535, 554 (5th Cir. 2001)). A juror harbors an actual bias, such that he may be excluded for cause, if his "views would prevent or substantially impair the performance of his duties as a juror in accordance with his instructions and his oath." *Soria*, 207 F.3d at 242 (quoting *Wainwright v. Witt*, 469 U.S. 412, 424 (1985)).[3] Minze

---

[3] Additionally, the trial court judge was in the best position to make this determination. *Uttecht v. Brown*, 551 U.S. 1, 9 (2007) (citing *Witt*, 469 U.S. at 424–434) ("[I]n determining whether the removal of a potential juror would vindicate the State's interest without violating the defendant's right, the trial court makes a judgment based in part on the demeanor of the juror, a judgment owed deference by reviewing courts."). "Deference to the trial court is appropriate because it is in a position to assess the demeanor of the venire, and of the individuals who compose it, a factor of critical importance in assessing the attitude and qualifications of potential jurors." *Id.* (citing *Darden v. Wainwright*, 477 U.S. 168, 178 (1986)). Thus, the trial court's decision in this case not to exclude a juror should be given deference over an

has not demonstrated this specific claim, but rather merely cites the record out of context and claims the juror was biased. ECF No. 1 at 6.

But in this matter, the state habeas court found that the juror was not biased, was not subject to be struck for cause, could consider Minze's prior conviction as it was an element of the current charge, and was not shown to have disregarded the trial court's instruction. SHCR at 281–82 (Finding Nos. 10, 11, 13, 15, 17). Furthermore, an attorney's strategic decision not to use a for-cause challenge should be afforded deference, especially here, when other sections during the *voir dire* demonstrated a for-cause challenge would not be granted because the juror was not truly biased. *Canfield v. Lumpkin*, 998 F.3d 242, 248 (5th Cir. 2021). Minze has failed to overcome the presumption of correctness given to these findings or shown that the state court's denial was objectively unreasonable, not merely incorrect in his own eyes. *Valdez*, 274 F.3d at 948 n.11; *Thomas v. Lumpkin*, 995 F.3d 432, 440 (5th Cir. 2021).

## B.    The prejudice prong

Minze also fails to demonstrate how trial counsel's alleged deficiencies prejudiced his case. To satisfy the prejudice prong of *Strickland*, Minze must show that counsel's errors were so serious as to deprive him of a fair trial, a

---

unsupported claim that a biased juror should have been struck for cause. SHCR at 271–72.

trial whose result is reliable. *Strickland*, 466 U.S. at 687. Minze may not simply allege, but must "affirmatively prove," prejudice. *Id.* at 693. He must show that as a result of trial counsels' unprofessional errors, there exists a reasonable probability that the result of the proceeding would have been different. *Id.* at 694; *see Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("In evaluating claims of ineffective assistance during the guilt stage of trial, the petitioner must show a 'reasonable probability' that the jury would have otherwise harbored a reasonable doubt concerning guilt."); *Armstead*, 37 F.3d at 207 (The showing of prejudice must be "rather appreciable;" again, a mere allegation of prejudice is not sufficient). Because Minze must satisfy both prongs of the *Strickland* test, a failure to establish either deficient performance or prejudice makes it unnecessary to examine the other prong. *Strickland*, 466 U.S. at 697; *Black v. Collins*, 962 F.2d 394, 401 (5th Cir. 1992).

The Second Court of Appeals summarized the testimony and evidence presented to the jury, including how the evidence was sufficient to convict. *Minze*, 2021 WL 2006474, at *1–2. The State presented the jury with Minze's prior conviction for family violence assault and the testimony of Minze's victim from both assaults. *Id.* Minze beat her with his belt, strangled her with a shirt until she passed out, then branded her with his belt buckle heated by his lighter. *Id.* at 1; 3 RR 59–63. His victim clearly established a legitimate fear

that he would eventually kill her. 3 RR 68, 70–72; *Brown v. Thaler*, 684 F.3d 482, 499 (5th Cir. 2012) (when evidence of future dangerousness is overwhelming, establishing prejudice is "virtually impossible. . . .") (quoting *Ladd v. Cockrell*, 311 F.3d 349, 360 (5th Cir. 2002). Based on the abundance of evidence against him, Minze cannot establish prejudice, even had he attempted to do so. ECF No. 1; ECF No. 2. For these reasons above and because Minze failed to meet his AEDPA burden, his ineffective-assistance-of-trial-counsel claim should be denied.

## CONCLUSION

For all of the foregoing reasons, the Director respectfully requests that Minze's petition for writ of habeas corpus be dismissed with prejudice and that a certificate of appealability be denied.

Respectfully submitted,

KEN PAXTON
Attorney General of Texas

BRENT WEBSTER
First Assistant Attorney General

JOSH RENO
Deputy Attorney General
for Criminal Justice

EDWARD L. MARSHALL
Chief, Criminal Appeals Division

|  | s/ Lori Brodbeck |
|---|---|
| *Lead Counsel | Lori Brodbeck* |
|  | Assistant Attorney General |
|  | State Bar No. 24050326 |

P. O. Box 12548, Capitol Station
Austin, Texas 78711
(512) 936-1400
(512) 936-1280 (FAX)

ATTORNEYS FOR RESPONDENT

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing

answer has been served by placing same in the United States Mail, postage

prepaid, on this the 6th day of September, 2022, addressed to:

David Shawn Minze
TDCJ-CID No. 2280832
Robertson Unit
12071 FM 3522
Abilene, TX 79601

s/ Lori Brodbeck
LORI BRODBECK
Assistant Attorney General

26